**UNITED STATES of America**

v.

**Grover Leon BATTON.**

**Cr. A. 7025.**

United States District Court
N. D. West Virginia,
At Fairmont.

April 1, 1958.

Albert M. Morgan, U. S. Atty., Fairmont, W. Va., for plaintiff.

Richard E. Hamstead, Morgantown, W. Va., for defendant.

HARRY E. WATKINS, Chief Judge.

Defendant was arrested by the United States Marshal in this district under a warrant of the United States Commissioner for the District of Columbia, charging defendant with violation of Section 1301, Title 22 of the District of Columbia Code. This statute reads:

"False pretenses.

"Whoever by any false pretenses, with intent to defraud, obtains from any person anything of value, or procures the execution in delivery of any instrument of writing or conveyance of real or personal property, or the signature of any person, as maker, indorser, or guarantor, to or upon any bond, bill, receipt, promissory note, draft, or check, or any other evidence of indebtedness, and whoever fraudulently sells, barters, or disposes of any bond, bill, receipt, promissory note, draft, or check, or other evidence of indebtedness, for value, knowing the same to be worthless, or knowing the signature of the maker, indorser, or guarantor thereof to have been obtained by any false pretenses, shall, if the value of the property or the sum or value of the money or property so obtained, procured, sold,

bartered, or disposed of is $100 or upward, be imprisoned not less than one (1) year nor more than three (3) years; or, if less than that sum, shall be fined not more than $200 or imprisoned for not more than one (1) year, or both.

"* * * *."

With the advice of counsel of his own choice, defendant has indicated a desire to have his case transferred to this District under Rule 20, Federal Rules of Criminal Procedure, 18 U.S.C., in order to plead guilty to the charge. Accordingly, defendant has executed a "Consent to Transfer of Case for Plea and Sentence," and an information filed by the United States Attorney for the District of Columbia has been forwarded to this Court for action. The information charges defendant with obtaining an automobile of the value of $201 by false pretenses, in the District of Columbia, which under the statute quoted above carries the penalty of a felony.

A question has been raised as to whether the waiver-transfer provision of Rule 20 may be applied to violations of the District of Columbia Code, or whether Rule 20 is applicable only to violations of Title 18 United States Code. No reported cases have been found ruling on this question.

I see no reason why the provisions of Rule 20 should not be applicable to this violation of the District of Columbia Code of which defendant is charged. Rule 54(a) states that the Federal Rules of Criminal Procedure "apply to all criminal proceedings in the United States district courts, * * *." Specific reference to the District Court for the District of Columbia was eliminated in the 1949 amendment of Rule 54(a), but the Rules unquestionably apply to that court the same as to this Court. The District Court of the District of Columbia is a United States District Court. Specific reference thereto was eliminated in the 1949 amendment as unnecessary. Reading Rules 20 and 54 together, it would seem clear that this Court has jurisdic-

tion to impose sentence upon this defendant. If defendant's case were not transferred here, there would be unjustified expense and delay in sending him to the District of Columbia. He has indicated that he pleads guilty to the information, so it is obviously to the benefit of both the defendant and the Government to have him plead to the information in this Court, so that sentence can be pronounced promptly. This is certainly in keeping with Rule 2, that the Rules "shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay."

It is the ruling of this Court that Rule 20 applies in this case, and that this Court has jurisdiction to impose sentence upon defendant for the violation of the District of Columbia Code.